UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TSHOMBE ANDERSON           PETITIONER
Reg #50107-177

V.                   No. 4:22-CV-640-BSM-JTR

PAUL KASHNER,
Warden, FCI-Texarkana           RESPONDENT

## TRANSFER ORDER

On July 12, 2022, Petitioner Tshombe Anderson ("Anderson"), an inmate incarcerated at the Federal Correctional Institution in Texarkana, Texas ("FCI-Texarkana"), filed a *pro se* § 2241 habeas Petition. *Doc. 1*. In the Petition, he challenges the Bureau of Prisons' calculation of "Time Credits Earned" under the First Step Act. *Doc. 1 at 2*.

District courts may only grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The general rule is that habeas jurisdiction rests in the district of confinement.[1] *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

Because Anderson is confined in FCI-Texarkana, which is located in the Eastern District of Texas, the interest of justice will best be served by transferring

---

[1] The Eighth Circuit has held that a § 2241 habeas petition challenging the Bureau of Prisons' calculation of time credits may also be filed in the District of Columbia or any district in which the Bureau of Prisons maintains a regional office. *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000). The Bureau of Prisons does not maintain a regional office in the Eastern District of Arkansas. Accordingly, under any circumstance, this Court lacks jurisdiction over Anderson's habeas Petition.

this case to that federal court. *See* 28 U.S.C. § 1631 ("[I]f it is in the interest of justice" to do so, a court that lacks jurisdiction over a civil case may transfer the case to a court where the action could have been brought.).

IT IS THEREFORE ORDERED THAT this case is IMMEDIATELY TRANSFERRED to the United States District Court for the Eastern District of Texas.

DATED this 14th day of July, 2022.

_____
UNITED STATES MAGISTRATE JUDGE